IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

WILLIAM C. BIRELY, JR.,           )
                                  )
            Plaintiff,            )
                                  )
    v.                            )
                                  )  Civil Action No. 13-169J
CAROLYN W. COLVIN,                )
ACTING COMMISSIONER OF            )
SOCIAL SECURITY,                  )
                                  )
            Defendant.            )

## MEMORANDUM JUDGMENT ORDER

AND NOW, this 29th day of September, 2014, upon consideration
of the parties' cross-motions for summary judgment pursuant to
plaintiff's request for review of the decision of the Acting
Commissioner of Social Security ("Acting Commissioner") denying
his application for disability insurance benefits ("DIB") and
supplemental security income ("SSI") under Title II and Title XVI,
respectively, of the Social Security Act ("Act"), IT IS ORDERED
that the Acting Commissioner's motion for summary judgment
(Document No. 12) be, and the same hereby is, granted and
plaintiff's motion for summary judgment (Document No. 10) be, and
the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an
obligation to weigh all of the facts and evidence of record and
may reject or discount any evidence if the ALJ explains the
reasons for doing so.  Plummer v. Apfel, 186 F.3d 422, 429 (3d
Cir. 1999).  Where the ALJ's findings of fact are supported by

substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). Moreover, disability is not determined merely by the presence of impairments, but by the effect that those impairments have upon an individual's ability to perform substantial gainful activity. Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff filed his applications for DIB and SSI on July 15, 2010, alleging disability beginning on September 2, 2008, due to depression, explosive disorder, degenerative disc disease and chronic obstructive pulmonary disease. Plaintiff's applications were denied. At plaintiff's request, an ALJ held a hearing on October 3, 2011, at which he appeared and testified while represented by counsel. On December 9, 2011, the ALJ issued a decision finding that plaintiff is not disabled. The Appeals Council denied plaintiff's request for review on July 18, 2013, making the ALJ's decision the final decision of the Acting Commissioner. The instant action followed.

Plaintiff, who has a high school education, was 40 years old on his alleged onset date of disability, and is classified as a younger individual under the regulations. 20 C.F.R. §§404.1563(c), 416.963(c). Plaintiff has past relevant work experience as a construction laborer/insulation worker and floor

cleaner, but he has not engaged in substantial gainful activity at any time since his alleged onset date.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert at the hearing, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ first found that the medical evidence established that plaintiff suffers from the severe impairments of chronic obstructive pulmonary disease/chronic bronchitis/asthma, degenerative joint disease of the spine, alcohol dependence, bipolar disorder, major depressive disorder, marijuana abuse and intermittent explosive disorder; however, those impairments, alone or in combination, do not meet or equal the criteria of any of the listed impairments set forth in Appendix 1 of 20 C.F.R., Subpart P, Regulation No. 4 ("Appendix 1").

The ALJ next found that plaintiff retains the residual functional capacity to perform sedentary work with a number of additional limitations. Plaintiff is limited to standing and walking a total of two hours and sitting six hours in an eight-hour work day. Although he can perform occasional postural maneuvers, he must avoid climbing ladders, ropes and scaffolds. In addition, plaintiff must avoid exposure to odors, dusts, gases, poor ventilation, temperature extremes, excessive vibration and extreme dampness, as well as unprotected heights and dangerous machinery. Further, plaintiff is limited to simple, routine and repetitive tasks that are not performed in a fast-paced production environment and that involve only simple work-related decisions

and few work place changes. Finally, plaintiff requires work that involve primarily objects rather than people, he must avoid interaction with co-workers and the general public, and he is limited to only occasional interaction with supervisors (collectively, the "RFC Finding").

The ALJ concluded that plaintiff is unable to perform his past relevant work because it exceeds his residual functional capacity. However, based upon testimony by a vocational expert, the ALJ determined that plaintiff is capable of performing other work that exists in significant numbers in the national economy, such as a final assembler, product inspector or nut sorter. Accordingly, the ALJ found that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment that can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy...." 42 U.S.C. §§423(d)(2)(A), 1382c(a)(3)(B).

The Social Security Regulations delineate a five-step sequential evaluation process for determining whether a claimant is disabled. The ALJ must assess: (1) whether the claimant currently is engaged in substantial gainful activity; (2) if not,

whether he has a severe impairment; (3) if so, whether his impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents him from performing his past relevant work; and (5) if so, whether the claimant can perform any other work that exists in the national economy, in light of his age, education, work experience and residual functional capacity.[1]  20 C.F.R. §§404.1520(a)(4), 416.920(a)(4). If the claimant is found disabled or not disabled at any step, further inquiry is unnecessary. Id.

In this case, plaintiff argues that the ALJ erred at step 5 of the sequential evaluation process because the RFC Finding did not adequately account for his mental health problems, and the ALJ did not properly evaluate the issue of his substance abuse. In addition, plaintiff argues that the Appeals Council failed to consider certain medical evidence, which he now contends is new and material. For reasons explained below, the court finds that these arguments are without merit.

Plaintiff first argues that the RFC Finding did not adequately account for his mental health problems because the ALJ did not fully consider the episodic nature of his mental health condition. According to plaintiff, the ALJ improperly focused on plaintiff's condition between hospital admissions instead of

---

[1]Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by his impairments. 20 C.F.R. §§404.1545(a)(1), 416.945(a)(1). In assessing a claimant's residual functional capacity, the ALJ is required to consider his ability to meet the physical, mental, sensory and other requirements of work. 20 C.F.R. §§404.1545(a)(4), 416.945(a)(4).

considering the periods of exacerbation experienced by plaintiff prior to a hospital admission.

The ALJ's decision makes clear that he considered all three of plaintiff's inpatient hospital admissions, and he noted that plaintiff recently used controlled substances just prior to each admission. (R. 20). The ALJ also observed that when plaintiff was compliant with medication and treatment, his GAF scores were assessed at 55-60, indicating only moderate symptoms, and the objective findings upon mental status examination were largely benign. (R. 20). Accordingly, the ALJ's RFC Finding was based on an assessment of plaintiff's mental functional capability throughout the entire relevant period, not just between hospital admissions as plaintiff suggests.[2]

Plaintiff next argues that the ALJ did not properly evaluate his substance abuse as required by the Regulations, and instead discounted his credibility by making the observation that his

---

[2]Plaintiff also claims that the RFC Finding was flawed because it failed to account for the following: (1) the state agency psychologist's assessment that he is moderately limited in his ability to work in coordination with or proximity to others without being distracted by them (R. 390); and (2) plaintiff's assertion that his medication caused drowsiness and prevented him from functioning until early afternoon. Plaintiff is incorrect on both counts.

First, the RFC Finding accommodated plaintiff's moderate limitation with distraction by restricting him to simple, routine and repetitive work involving primarily objects rather than people, work that does not involve interaction with co-workers and the general public, and only occasional interaction with supervisors.

Plaintiff's assertion that the RFC Finding did not account for the side effects of his medication also is without merit. Although the record indicates plaintiff reported to treatment providers that certain medications made his legs weak or made him nauseous, the record does not indicate that he complained of drowsiness or an inability to function until early afternoon. (R. 330, 487-88).

inpatient hospitalizations were preceded by drug use.

   As an initial matter, the ALJ's observation is correct - that is, plaintiff's inpatient hospitalizations each were preceded by a recent episode of drug use. (R. 20). However, the ALJ's credibility determination did not hinge on any drug use engaged in by plaintiff. Rather, in evaluating plaintiff's credibility, the ALJ complied with the appropriate regulations and considered all of the relevant evidence in the record, including plaintiff's own statements about his symptoms, his activities of daily living, the medical evidence and the extent of plaintiff's treatment, and opinion evidence from treatment providers. See 20 C.F.R. §§404.1529(c)(1) and (c)(3), 416.929(c)(1) and (c)(3); Social Security Ruling 96-7p. The ALJ then considered the extent to which plaintiff's alleged functional limitations reasonably could be accepted as consistent with the evidence of record and how those limitations affect his ability to work. 20 C.F.R. §§404.1529(c)(4), 416.929(c)(4). The ALJ determined that the objective evidence is inconsistent with plaintiff's allegation of total disabling limitations. Accordingly, the ALJ determined that plaintiff's testimony regarding his limitations was not entirely credible. (R. 18). This court finds that the ALJ adequately explained the basis for his credibility determination, (R. 17-21), and is satisfied that such determination is supported by

substantial evidence.[3]

Plaintiff also contends that the Appeals Council should have considered records he submitted from his July 26, 2011, admission to Altoona Hospital. According to plaintiff, this evidence was not previously in the record, but it is new and material and relates to the period which predates the ALJ's decision. Plaintiff is incorrect.

Pursuant to 42 U.S.C. §405(g), a claimant who is unsuccessful in the administrative process may seek judicial review of the Acting Commissioner's final decision denying benefits. However, where the Appeals Council denies a claimant's request for review, it is the ALJ's decision which is the final decision of the Acting Commissioner, and it is that decision that which district court is to review. Matthews v. Apfel, 239 F.3d 589, 592 (3d Cir. 2001). As the Matthews court explained, "[n]o statutory authority (the source of the district court's review) authorizes the court to review the Appeals Council decision to deny review." Id. at 594. Thus, to the extent plaintiff requests that this court review the Appeals Council's rejection of the Altoona Hospital records and its decision to deny review, we have no statutory authority to do so.

_____

[3]A claimant's complaints and other subjective symptoms must be supported by objective medical evidence. 20 C.F.R. §§404.1529(c), 416.929(c); Hartranft v. Apfel, 181 F.3d 358, 362 (3d Cir. 1999). An ALJ may reject the claimant's subjective testimony if he does not find it credible so long as he explains why he is rejecting the testimony. Schaudeck v. Commissioner of Soc. Sec., 181 F.3d 429, 433 (3d Cir. 1999).

Furthermore, to the extent plaintiff claims that this case should be remanded to the Acting Commissioner pursuant to sentence six of §405(g) for consideration of the Altoona Hospital records, he has not established that remand is appropriate. When a claimant seeks to rely on evidence that was not before the ALJ, the district court may remand the case to the Acting Commissioner only if the evidence is new and material and if there is good cause why it was not previously presented to the ALJ. Matthews, 239 F.3d at 593. Here, plaintiff has not demonstrated that a sentence six remand is warranted.

Evidence is considered "new" if it was not in existence or not available to the claimant at the time of the administrative proceeding. Sullivan v. Finkelstein, 496 U.S. 617, 626 (1990). At the time of the administrative hearing in this case, plaintiff's counsel requested, and the ALJ granted, an additional 20 days to submit the Altoona Hospital records for the period from February 2011, through July, 2011. (R. 31-32, 51). Thus, these records are not new evidence because they existed prior to the time of the administrative hearing and they were available to plaintiff if he wished to obtain them. Moreover, plaintiff's claim that this evidence is new is belied by the fact that the ALJ discussed in his decision plaintiff's July, 2011, admission to Altoona Hospital. (R. 19-20).

Furthermore, the Altoona Hospital records are not material, as they are not reasonably likely to change the Acting Commissioner's final decision. As already discussed, the ALJ was

aware of the July, 2011, Altoona Hospital admission when he analyzed plaintiff's claim, noting in his decision that plaintiff had poor insight and concentration upon admission, but he was stabilized on medication and discharged. (R. 20).

Finally, plaintiff has not demonstrated good cause for failing to submit the Altoona Hospital records that he maintains should have been submitted, thus a sentence six remand is not warranted in this case. Plaintiff now claims that only some of those records were submitted, and perhaps others were not due to a possible oversight by counsel. The ALJ agreed to keep the record open for 20 days following the administrative hearing, so that plaintiff could submit additional medical evidence if he wished to do so. (R. 51). There is no indication that plaintiff or his counsel required the ALJ's assistance to obtain the Altoona Hospital records, nor did they request any additional extension of time to submit those records or any other medical evidence. Accordingly, good cause does not exist in this case.[4]

After carefully and methodically considering all of the medical evidence of record, the ALJ determined that plaintiff is

---

[4]Plaintiff's related argument, that this case should be remanded because the ALJ did not fully develop the record, also is without merit. According to plaintiff, the record is incomplete because the ALJ did not arrange for a consultative psychological evaluation. Contrary to plaintiff's suggestion, an "ALJ's duty to develop the record does not require a consultative examination unless the claimant establishes that such an examination is necessary to enable the ALJ to make the disability determination." Thompson v. Halter, 45 Fed. Appx. 146, 149 (3d Cir. 2002). Here, plaintiff has not made any such showing, and the ALJ's decision makes clear that he had ample evidence available concerning plaintiff's mental capabilities and limitations to make a disability determination in this case. (R. 18-21).

not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Therefore, the decision of the Acting Commissioner must be affirmed.

_Gustave Diamond_
Gustave Diamond
United States District Judge


cc: David M. Axinn, Esq.
106 Hollidaysburg Plaza
Duncansville, PA 16635

John J. Valkovci, Jr.
Assistant U.S. Attorney
319 Washington Street
Room 224, Penn Traffic Building
Johnstown, PA 15901